UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIO AUQUILLA,

                         Plaintiff,                  **ORDER**

                   - against -                11-CV-1059 (SLT)(JO)

GG&A BROADWAY PARTNERS, LLC, and
TARGET CORPORATION,

                        Defendants.
-----------------------------------------------------------x
**TOWNES, United States District Judge:**

       In November 2010, plaintiff Julio Auquilla commenced this action in the Supreme Court of the State of New York, Queens County, seeking to recover for injuries he sustained while operating a power saw on premises owned by one or both of the defendants. In March 2011, after plaintiff discontinued the action against defendant GG&A Broadway Partners, LLC, the remaining defendant, Minnesota-based Target Corporation ("Target"), removed the action to this Court. Although plaintiff's complaint alleged violations of "provisions of the Occupational Health & Safety Administration as they pertain to construction," Complaint at ¶¶ 31, 52, Target removed the action to this Court solely on the basis of diversity jurisdiction.

       In April 2011, plaintiff moved to amend his complaint to add a New York corporation, Schimenti Construction Company, LLC ("Schimenti"), as a defendant and to remand this action to State court. Target opposed this motion, arguing that plaintiff's sole motivation for moving to add Schimenti was to destroy diversity. By order dated April 12, 2011, this Court referred plaintiff's motion to Magistrate Judge James Orenstein ("Judge Orenstein").

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 23 2011 ★

BROOKLYN OFFICE

On April 25, 2011, Judge Orenstein issued a report and recommendation (the "R&R"), recommending that this Court grant plaintiff's motion to amend the complaint and to remand this matter to State court. The R&R advised the parties that any objections to the R&R had to be filed no later than May 12, 2011, and that failure to file objections by that date would result in a waiver of the right to appeal an order adopting the R&R. *See* R&R at 6.

Although the R&R was electronically filed on April 25, 2011, neither party has yet objected to the R&R. A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, even when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

This Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Orenstein's report and recommendation dated April 25, 2011, is adopted in its entirety. Plaintiff's motion to amend the complaint to add Schimenti Construction Company, LLC, as a defendant is granted and this matter is remanded to

the Supreme Court of the State of New York, Queens County. Upon remand of this action, the Clerk of Court shall close this case.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: May 23, 2011
Brooklyn, New York